**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SPENCER R. MCMULLEN,

          Plaintiff - Appellant,

  v.

DELTA AIR LINES, INC.,

          Defendant - Appellee.

No. 08-17435

D.C. No. 3:08-cv-01523-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 5, 2009
Pasadena, California

Before: RYMER, KLEINFELD and SILVERMAN, Circuit Judges.

    McMullen filed suit, on behalf of himself and a proposed class, against Delta

Air Lines alleging it unlawfully charged and collected a Mexican tax at the time he

purchased a ticket for a flight from California to Mexico. The district court

granted Delta's motion to dismiss. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Assuming McMullen's breach of contract claim survives preemption, either because it is not "related to a price, route, or service of an air carrier," 49 U.S.C. § 41713(b)(1), or it falls within the exception articulated by *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995), it fails because it does not refer to any contractual language that obligates Delta not to collect the Mexican tax from all passengers to Mexico, regardless of whether they are exempt from the tax.[1] In any event, McMullen never requested a refund from Delta for the Mexican tax, even though Rule 90 of the Contract of Carriage provides a mechanism for passengers to request refunds of this nature.

On appeal, McMullen did not pursue his claim for breach of the implied covenant of good faith and fair dealing in his opening brief. Therefore, it is waived. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036,

---

[1] McMullen relies on two provisions in Delta's International Contract of Carriage. Rule 1, which states: "These Conditions of Carriage are applicable except to the extent that they are contrary to applicable laws, government regulation, or orders, in which even the contrary law, regulation or order shall prevail. If any provision of these Conditions of Carriage is invalid under any applicable law, the other provisions shall remain valid." And Rule 55, which states: "Insofar as any provision contained or referred to in the ticket or in the tariff may be contrary to a law, government regulation, order or requirement which severally cannot be waived by agreement of the parties, such provisions shall remain applicable and be considered as part of the contract of carriage to the extent only that such provision is not contrary thereto. The invalidity of any provision shall not affect any other part."

1046 n. 7 (9th Cir.1999) (issues not raised in an opening brief are deemed waived).

AFFIRMED.

McMullen v. Delta Airlines, 08-17435

Kleinfeld, Circuit Judge, dissenting:

I respectfully dissent for the reasons stated in my dissenting opinion in

Sanchez v. Aerovias de Mexico, ___ F.3d ___ (9th Cir. ____) (No. 08-55588).